IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>       Plaintiff,<br>v.<br><br>JOE LOVATO, CATHERINE LOVATO,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RECEIVER'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:13CV506 DAK |

  This matter is before the court on R. Wayne Klein's Motion for Summary Judgment. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. See DUCivR 7-1(f).

  On March 31, 2015, R. Wayne Klein, as the Receiver in this action, filed a Motion for Summary Judgment on the First, Second, Third, and Fifth Causes of Action. On April 28, 2015, the court granted a thirty-day an extension of time to Defendants Joe and Catherine Lovato. Defendants, however, failed to file a response by the deadline.

  On June 26, 2015, the court issued a docket text order stating that it was taking the motion under advisement. The court, however, gave Defendants another chance to oppose the motion, stating that any opposition memorandum must be filed by no later than July 6, 2015. Soon thereafter, counsel called to inform the court that they had negotiated a tentative settlement agreement.

No stipulated motion to dismiss was ever filed, and, on August 12, 2015, counsel for Defendants filed a motion to withdraw as counsel, stating that Defendants had retained new counsel. The court granted the motion to withdraw.

As of September 4, 2015, Defendants' purported new counsel had not filed a Notice of Appearance, and Defendants had not informed the court that they intended to proceed pro se. Out of an abundance of caution, the court issued a Supplemental Order, notifying Defendants of their responsibility to notify the court within fourteen days of their new representation or of their intent to proceed pro se. The court also provided Defendants with an additional twenty-eight days to respond to the Motion for Summary Judgment.

Defendants have failed to comply with the court's Order. They have not appeared pro se, and no new counsel has filed a Notice of Appearance. Defendants have also not responded to the Motion for Summary Judgment. Accordingly, the court has considered the Receiver's Motion without the benefit of a response from Defendants.

On a motion for summary judgment, "[t]he moving party has 'both the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003)). The moving party's initial burden may be met merely by identifying portions of the record which show an absence of evidence to support essential elements of the opposing party's case. *Kannady*, 590 F.3d at 1169 (10th Cir. 2010); *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000). Here, the Receiver has satisfied its initial burden and has established that summary judgment is appropriate as a matter of law.

Therefore, for all the reasons set forth by the Receiver in his Motion for Summary Judgment, the court concludes that the Receiver is entitled to judgment as a matter of law on his First, Second, Third, and Fifth Claims for Relief.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Receiver's Motion for Summary Judgment [Docket No. 21] is GRANTED.  The Receiver's Fourth Claim for Relief is DISMISSED without prejudice.  The Clerk of Court is directed to enter judgment in favor of R. Wayne Klein, as Receiver, in the total amount of $47,558.57 as follows: (a) judgment against Mrs. Lovato in the amount of $894.38; (b) judgment against Mr. Lovato in the amount of $38,756.13; and (c) judgment against Mr. and Mrs. Lovato, jointly and severally, in the amount of $7,908.06.   After the Judgment is entered, the Clerk of Court is directed to close this case.

DATED this 20th day of October, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge